The plaintiff appeals from a decree of the Circuit Court, dismissing his suit for an absolute divorce from the defendant on the ground of adultery.
The bill alleges that plaintiff and defendant were intermarried December 18th, 1918, and thereafter lived together as husband and wife in Monongalia County, until on or about October 29th, 1924, when she, without cause, deserted and abandoned him; and that they have not since lived or cohabited together.
The bill charges further, by specific allegation, that the defendant has at various times and places committed adultery with numerous men; and prays for an absolute divorce.
The defendant never appeared in the case. Evidence was heard on behalf of the plaintiff before the trial Judge and divorce Commissioner. The plaintiff testified that the defendant deserted him on or about August 27th, 1924, accompanying a man by the name of Patton to Clarksburg, where she lived with him for several weeks; later returning to Monongalia County with another man named Nester; that after returning to Monongalia County she lived with another man by the name of Smith for some weeks, and then went to her father's home in said county, where she has been living with another man by the name of Blaney. He stated further that he did not have any knowledge before she deserted him of any act of adultery on her part, and that they have not since she deserted him lived or cohabited together.
Russell Messenger testified that he had intercourse with the defendant in the year 1923.
James Price, who boarded at her father's home while she was living there stated that Blaney would, at the request of the defendant, get up from bed at three o'clock in the morning and go from the room occupied by himself and the witness on the second floor of the house to the lower part of the building where she slept and there remain alone with her; and that he has frequently seen them engage in the intimacies of lovers. *Page 211 
We think the evidence is sufficient to establish the charge of adultery. "In a suit for divorce, adultery may be proved by circumstantial evidence of a clear and positive nature showing opportunity as to time and place, and leading the mind to conclude by fair inference from all the circumstances that the act was committed." Sharp v. Sharp, 91 W. Va. 678; Miller v.Miller, 94 W. Va. 177. Adultery is peculiarly a crime of darkness and secrecy; parties are rarely surprised at it; and so it not only may, but ordinarily must, be established by circumstantial evidence.
The decree of the Circuit Court dismissing the plaintiff's bill will, therefore, be reversed, and a decree entered here awarding to plaintiff the relief prayed.
Reversed, and decree entered.